UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
SHONDA GRIFFIN,

                       Plaintiff,         **ORDER**
                                                               CV 10-4560(JS)(ARL)

     -against-

QUEST DIAGNOSTICS INC.,

                       Defendant.
--------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendant's letter application dated June 28, 2011, seeking to compel the plaintiff to respond to two document requests, which seek information concerning the plaintiff's health care treatment from January 1, 2008 to the present. The plaintiff opposes the request on the ground that she is under no obligation to disclose the information because she is only seeking "garden variety" emotional damages. For the reasons set forth below, the defendant's motion is denied.

      By way of background, the plaintiff commenced this action in October 6, 2010, alleging that she is the victim of race discrimination and retaliation. The plaintiff asserts throughout the complaint that she "has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish . . . all to Plaintiff's damage in an amount to be determined at trial." However, counsel for the plaintiff has confirmed in letters to defense counsel and the court that the plaintiff will only seek "garden variety" emotional damages, will not produce an expert witness on the issue, and does not intend to produce any evidence of her emotional damages other than her own testimony.

      The Second Circuit has held that a civil rights plaintiff asserting no more than a garden variety claim for emotional distress does not waive the psychotherapist-patient privilege by virtue of his allegations in the pleadings. *Sims v. Blot,* 534 F.3d 117 (2d Cir. 2008). Given the fact that the plaintiff has expressly agreed not to offer any privileged communication or other evidence regarding her psychiatric treatment or condition in support or her civil rights claim and has disavowed any claim to non-garden-variety emotional injuries, the plaintiff has not yet waived the psychotherapist-patient privilege. *See Jacobs v. Connecticut Community Technical Colleges,* 258 F.R.D. 192 (Dist. Conn. 2009). Moreover, while there is no general federal doctor-patient privilege, *see Aguilar v. Immigration & Customs Enforcement Div. of the United States Dep't of Homeland Sec.*, 2009 U.S. Dist. LEXIS 99815 (S.D.N.Y. Oct. 23, 2009), the plaintiff does not appear to be claiming any physical injury related to the alleged civil rights violation, and thus, her medical records are not relevant.

Dated: Central Islip, New York                           **SO ORDERED:**
       July 11, 2011

                                                                   /s/
                                                 ARLENE R. LINDSAY
                                                 United States Magistrate Judge